IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CFA INSTITUTE,** | § | |
| | § | |
| **DLA PIPER LLP (US)** | § | |
| **500 EIGHTH STREET, NW** | § | |
| **WASHINGTON, DC 20004** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **AMERICAN SOCIETY OF PENSION** | § | (Civil Action No. 3:19-cv-00012- |
| **PROFESSIONALS & ACTUARIES;** | § | NKM-RSB, pending in the Western |
| **AMERICAN SOCIETY OF** | § | District of Virginia) |
| **PENSION PROFESSIONALS &** | § | |
| **ACTUARIES D/B/A NATIONAL** | § | |
| **ASSOCIATION OF PLAN ADVISORS;** | § | |
| **and AMERICAN SOCIETY OF PENSION** | § | |
| **PROFESSIONALS & ACTUARIES D/B/A** | § | |
| **AMERICAN RETIREMENT** | § | |
| **ASSOCIATION,** | § | |
| | § | |
| **FINNEGAN, HENDERSON, FARABOW,** | § | |
| **GARRETT & DUNNER LLP** | § | |
| **901 NEW YORK AVENUE, NW** | § | |
| **WASHINGTON, DC 20001** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM IN SUPPORT OF NON-PARTY JAMES APISTOLAS'**
**MOTION TO QUASH SUBPOENA AND/OR FOR A PROTECTIVE ORDER**

## TABLE OF CONTENTS

I.   FACTUAL BACKGROUND ................................................................................................1

II.  CFA'S RULE 45 SUBPOENA SHOULD BE QUASHED ...............................................4

   A.   CFA's Subpoena Does Not Comply with the Federal Rules and Is
        Untimely .............................................................................................................4

   B.   CFA Failed to Exercise Appropriate Diligence .......................................................5

   C.   The Burden on Mr. Apistolas Is Undue ...................................................................5

III. CONCLUSION................................................................................................................8

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Brown v. Hendler*,
No. 09 Civ. 4486 (RLE), 2011 U.S. Dist. LEXIS 9476 (S.D.N.Y. Jan. 31,
2011) ............................................................................................................................3, 4

*Fincher v. Keller Indus., Inc.*,
129 F.R.D. 123 (M.D.N.C. 1990) ..............................................................................4

*Flatow v. Islamic Republic of Iran*,
201 F.R.D. 5 (D.D.C. 2001) ........................................................................................6

*Iconlab Inc. v. Valeant Pharm. Int'l, Inc. (In re Third Party Subpoena to
Malyugin)*,
310 F. Supp. 3d 3 (D.D.C. 2018) ............................................................................3, 4

*Mem'l Hospice, Inc. v. Norris*,
No. 2:08-CV-084-B-A, 2008 U.S. Dist. LEXIS 92618 (N.D. Miss. Nov. 5,
2008) ..........................................................................................................................4

*N.C. Right to Life, Inc. v. Leake*,
231 F.R.D. 49 (D.D.C. 2005) ........................................................................................6

*United States v. Woods*,
931 F. Supp. 433 (E.D. Va. 1996) ..............................................................................4

*Wyoming v. U.S. Dep't of Agric.*,
208 F.R.D. 449 (D.D.C. 2002) ....................................................................................6

**Rules**

Fed. R. Civ. P. 26(b)(2)(C)(ii) ..........................................................................................5

Fed. R. Civ. P. 26(b)(2)(C)(iii) ........................................................................................7

Fed. R. Civ. P. 26(c)(1) ....................................................................................................7

Fed. R. Civ. P. 26(g)(3) ................................................................................................1, 7

Fed. R. Civ. P. 45(d)(1) ............................................................................................1, 5, 7

Fed. R. Civ. P. 45(d)(3)(A)(i) ..........................................................................................3

Fed. R. Civ. P. 45(d)(3)(A)(iv) ........................................................................................5

Pursuant to Federal Rules of Civil Procedure 26 and 45(d)(3)(A), non-party James Apistolas respectfully requests that the Court quash Plaintiff CFA's subpoena to testify at a deposition. The subpoena is not compliant with the Federal Rules, and is untimely, cumulative, and unduly burdensome. Mr. Apistolas requests that the Court issue a protective order directing that the deposition not go forward. Due to the extraordinary circumstances surrounding the subpoena, and pursuant to Fed. R. Civ. P. 26(g)(3) and 45(d)(1), Mr. Apistolas also seeks sanctions against Plaintiff in the form of his attorneys' fees incurred in connection with moving to quash this improper subpoena.

## I.     FACTUAL BACKGROUND

The underlying trademark infringement case is pending in the Western District of Virginia. The parties are organizations broadly in the business of certifying, training, and providing a network for financial advisors—an industry that is saturated with abbreviations, acronyms, and initialisms. (*See* Declaration of Naresh Kilaru ("Kilaru Decl."), ¶ 2, Ex. 1.) CFA alleges that Defendants' (collectively, "ARA") CERTIFIED PLAN FIDUCIARY ADVISER credential (which is abbreviated CPFA) infringes CFA's trademark rights. (*See generally*, *id.*) ARA maintains that confusion is unlikely for many reasons, including because the financial credentialing industry is a crowded field choked with credentials and designations containing various combinations of the letters "C," "F," "A." Professionals in this space are sophisticated and regularly make distinctions between the sources of credentials and designations based on small differences, such as the well-known financial credentials CFP and CPA, which have for many decades peacefully coexisted side-by-side with the CFA credential.

The discovery deadline in the case was originally set for December 4, 2019. (Kilaru Decl., ¶ 3, Ex. 2.) In November 2019, the parties stipulated to extend the discovery deadline to ensure both parties had sufficient time to conduct discovery relating to their respective claims

and defenses. (*Id.*, ¶ 4, Ex. 3.) The Court granted the stipulation and extended the discovery

period to March 3, 2020. (*Id.*, ¶ 4, Ex. 4.)

As the March 3, 2020 deadline approached, ARA scheduled Rule 30(b)(6) and Rule

30(b)(1) depositions of CFA and one of its employees for February 26 and 27, 2020. (*See, id.*,

¶ 5.) Unfortunately, on February 25, 2020, one of ARA's attorneys was injured in an accident

and could not take the depositions as originally scheduled. (*See, id.*) The parties rescheduled

these depositions for March 5 and 6, 2020. (*See, id.*) The parties requested, and the Court

granted, a short one-week extension of remaining case deadlines (except for trial), and the fact

discovery deadline was extended to March 10, 2020. (Kilaru Decl., Exs. 5 and 6.) The parties'

joint request to the Court specifically identifies this accident as the reason for the extension:

> Discovery is currently set to close on March 3, 2020.
> Unfortunately, one of Defendants' attorneys had an accident this
> morning and he will not be able to take the two depositions
> scheduled for February 26 and 27. The parties have worked
> together to reschedule these depositions for March 5 and 6. **In
> light of these circumstances**, the parties jointly request a short
> one-week extension of all remaining case deadlines, with the
> exception of the trial date, which would remain as currently set.

(Kilaru Decl., Ex. 5) (emphasis added).

Mr. Apistolas worked for ARA until early 2017. (Declaration of James Apistolas

("Apistolas Decl."), ¶ 2.) He is no longer employed by ARA and is not a party to this litigation.

(*Id.*) No subpoena was served on Mr. Apistolas prior to the original discovery deadline. And the

reasons for the short discovery extension have nothing to do with Mr. Apistolas. Yet, on March

4, 2020, six days before the March 10, 2020 close of fact discovery, CFA served a third-party

subpoena on James Apistolas to testify by deposition.[1] (Apistolas Decl., ¶ 3.) CFA's subpoena called for Mr. Apistolas to appear for a deposition at 9:00 a.m. on March 10, 2020, six days later. (*Id.*, ¶ 4.)

On March 9, 2020, ARA's counsel was retained to represent Mr. Apistolas in connection with the subpoena. (Kilaru Decl., ¶ 6.) That same day, Mr. Apistolas' counsel objected to the subpoena and informed CFA that Mr. Apistolas was not available for a deposition on March 10, 2020, due to previously scheduled commitments. (Apistolas Decl., ¶ 4; Kilaru Decl., ¶ 6.) Given the untimeliness of CFA's subpoena, ARA requested that CFA withdraw it. (Kilaru Decl., ¶ 6.) Counsel informed CFA that, absent its withdrawal of the subpoena, it would move to quash. (*Id.*)

CFA refused to withdraw the subpoena, instead offering to reschedule Mr. Apistolas' deposition. (*Id.*) Fact discovery closed on March 10, 2020, and CFA has not sought leave from the Western District of Virginia to further modify the case schedule or to take this deposition outside the discovery period. (*Id.*, ¶ 7.)

Mr. Apistolas requests that this Court quash the subpoena as plainly non-compliant, untimely, unduly burdensome, and unreasonable, and grant Mr. Apistolas attorneys' fees incurred in connection with it.

---

[1] To the extent CFA asserts that its subpoena is timely because it did not know about Mr. Apistolas until CFA took Rule 30(b)(6) and Rule 30(b)(1) depositions of ARA on February 18 and 19, 2020, that claim is false. ARA produced numerous documents identifying Mr. Apistolas during discovery, beginning on October 11, 2019. (*See* Kilaru Decl., ¶ 8.)

## II.   CFA'S RULE 45 SUBPOENA SHOULD BE QUASHED

### A.   CFA's Subpoena Does Not Comply with the Federal Rules and Is Untimely

This Court must quash CFA's subpoena of Mr. Apistolas if it "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i).  Although Rule 45 does not define "reasonable time," "'many courts have found fourteen dates *from the date of service* as presumptively reasonable.'"  *Iconlab Inc. v. Valeant Pharm. Int'l, Inc. (In re Third Party Subpoena to Malyugin)*, 310 F. Supp. 3d 3, 5 (D.D.C. 2018) (quoting *Brown v. Hendler*, No. 09 Civ. 4486 (RLE), 2011 U.S. Dist. LEXIS 9476, at *5-7 (S.D.N.Y. Jan. 31, 2011)).  Here, CFA served Mr. Apistolas on March 4, 2020, and noticed his deposition for March 10, 2020, six days later.[2] (Apistolas Decl., ¶ 3-4.)  Such short timeframes have been routinely found unreasonable. *See, e.g.*, *Iconlab Inc.*, 310 F. Supp. 3d at 5 (granting motion to quash, finding two days' notice unreasonable, and noting that "many courts have found fourteen dates [sic] *from the date of service* as presumptively reasonable") (citation omitted); *Brown*, 2011 U.S. Dist. LEXIS 9476, at *5-7 (granting motion to quash and finding nine days' notice unreasonable); *Mem'l Hospice, Inc.*, 2008 U.S. Dist. LEXIS 92618, at * 3-4 (granting motion to quash and finding eight days' notice unreasonable); *United States v. Woods*, 931 F. Supp. 433, 442 n.3 (E.D. Va. 1996) (seven days' notice unreasonable).

---

[2] In an email to counsel, CFA claimed that Mr. Apistolas was "aware" of the subpoena on March 2, 2020.  (Kilaru Decl., ¶ 6, Ex. 7.)  This does not change the analysis because (1) notice runs from the date of service and (2) even if March 2, 2020 were the operative date, eight days is still unreasonable.  *Iconlab Inc.*, 310 F. Supp. 3d at 5 (operative date was date of service even though defendants "made good faith efforts to seek discovery from [the deponent] through email and other communications" several weeks beforehand); *Mem'l Hospice, Inc. v. Norris*, No. 2:08-CV-084-B-A, 2008 U.S. Dist. LEXIS 92618, at * 3-4 (N.D. Miss. Nov. 5, 2008) (granting motion to quash and finding eight days' notice unreasonable).

In sum, CFA's subpoena of Mr. Apistolas should be quashed for failing to comply with federal rules by not providing Mr. Apistolas with sufficient notice. Quashing, rather than modification, is appropriate here because discovery in the underlying case ended March 10, 2020. The subpoena cannot now be modified in a way that would comply with the Western District of Virginia's scheduling order. *See Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990) (denying motion to compel compliance with subpoena because "the parties' discovery rights in [the district of compliance] can rise no higher than their level in the district of trial" and because "discovery has ended and [the requesting parties] fail[ed] to show that they have any authority to conduct depositions and secure records in this District or in any other district for either discovery or trial.").

**B.      CFA Failed to Exercise Appropriate Diligence**

ARA produced numerous documents identifying Mr. Apistolas beginning on October 11, 2019 (Kilaru Decl., ¶ 8), and CFA has had ample opportunity to seek the requested discovery in a timely fashion. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii) (specifying that a court "must limit the frequency or extent of discovery . . . if it determines that: . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."). To the extent CFA claims it did not know that Mr. Apistolas might have relevant information until CFA took Rule 30(b)(6) and Rule 30(b)(1) depositions of ARA on February 18 and 19, 2020 (*see* Kilaru Decl., ¶ 8), CFA waited *two more weeks*, and mere days before the close of fact discovery, to subpoena Mr. Apistolas. CFA offers no excuse for its delay. It has been fully aware of Mr. Apistolas since at least October 11, 2019, and did nothing until the close of discovery.

**C.      The Burden on Mr. Apistolas Is Undue**

Rule 45 requires a court to "quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Rule 45(d)(1) complements that requirement by

commanding a party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Absent such steps, this Court "*must* enforce this duty and impose an appropriate sanction," including attorneys' fees, on a party that fails to comply. *Id.* (emphasis added).

Courts look to a number of factors to determine whether a subpoena subjects a person to "undue burden," including relevance of the information sought, the need for that information, the breadth of the discovery request, the time period covered by it, and the burden of having to comply. *Flatow v. Islamic Republic of Iran*, 201 F.R.D. 5, 8 (D.D.C. 2001). Non-party status of the person subject to discovery is another relevant factor in that analysis. *Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 452 (D.D.C. 2002); *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 52 (D.D.C. 2005) (finding that a burden imposed by a broad discovery request was excessive "particularly in light of the fact that Pew [Charitable Trusts] is neither a party, nor even an amicus, in the underlying action").

Allowing CFA to take Mr. Apistolas' deposition at this late stage and without sufficient notice would be unreasonable and create an undue and unnecessary burden on Mr. Apistolas. Mr. Apistolas is no longer an ARA employee. ARA has no control of Mr. Apistolas' schedule. Mr. Apistolas was unavailable to attend a deposition on March 10, 2020 because he was accompanying his husband to a medical procedure requiring anesthesia and was required to wait while his husband had the procedure and drive him home afterwards. (Apistolas Decl., ¶ 4.) It is unduly burdensome for him to be forced to adjust to accommodate CFA's non-compliant and untimely subpoena.

Further, the proposed deposition of Mr. Apistolas is likely cumulative of other discovery CFA has already conducted. Brian Graff, ARA's Chief Executive Officer, was deposed both in

his personal capacity and as ARA's corporate designee on February 18 and 19, 2020. (Kilaru

Decl., ¶ 8.) Mr. Graff testified at length on topics relating to ARA's credential at issue in this

case, the process by which ARA created that credentialing program and naming for that

credential, the program with which the credential is used, and the subject matter such program

covers. (*Id.*) It is unlikely that Mr. Apistolas would provide any additional information on these

subjects, and CFA's counsel has provided no additional information as to the discovery that

might be sought from him. (*See generally* Kilaru Decl., Ex. 7.)

      CFA has not identified any relevant information Mr. Apistolas has—at best, CFA claims

he has "*potentially* significant relevance." (Kilaru Decl., ¶ 6, Ex. 7.) CFA cannot justify the

undisputed burden on a non-party witness with the time and expense of complying with a

needless cumulative deposition outside the discovery period on grounds of "potential" relevance.

This is especially true here, where CFA failed to take any reasonable steps to avoid this undue

burden. As a result, this Court should quash CFA's subpoena and/or issue a protective order

prohibiting the noticed deposition from occurring. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (a court

***must*** limit the extent of discovery when the burden of the proposed discovery outweighs its

likely benefit); Fed. R. Civ. P. 26(c)(1) (permitting the Court to issue a protective order to protect

a party or person from "annoyance, embarrassment, oppression, or undue burden or expense").

      Because CFA failed to take any "reasonable steps to avoid imposing undue burden or

expense" on Mr. Apistolas (and, in doing so, signed a discovery request in violation of Fed. R.

Civ. P. 26(g)), the Court should award Mr. Apistolas his attorneys' fees incurred in connection

with quashing this subpoena. Fed. R. Civ. P. 45(d)(1); *see also* Fed. R. Civ. P. 26(g)(3) (court

may order sanctions, including attorneys' fees, caused by a violation of Rule 26(g)).

## III.    CONCLUSION

For the foregoing reasons, Mr. Apistolas respectfully requests that the Court grant his

motion to quash the subpoena as non-compliant, untimely, cumulative, and unduly burdensome,

and/or issue a protective order directing that the noticed deposition not go forward.  Mr.

Apistolas also requests that the Court impose sanctions against Plaintiff in the form of his

attorneys' fees incurred in connection with moving to quash this improper subpoena.


Dated:  March 11, 2020

Respectfully submitted,

Patrick J. Coyne (DC Bar No. 366841)
patrick.coyne@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC  20001-4413
Telephone:    (202) 408-4000
Facsimile:     (202) 408-4400

Attorney for Non-Party James Apistolas

8