**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CFA INSTITUTE,** <br><br> Plaintiff, <br><br> v. <br><br> **AMERICAN SOCIETY OF PENSION PROFESSIONALS & ACTUARIES**, <br><br> Defendant, <br><br> v. <br><br> **JAMES APISTOLAS**, <br><br> Movant. | Case No. 1:20-mc-00018 (TNM) |
| **CFA INSTITUTE,** <br><br> Plaintiff, <br><br> v. <br><br> **AMERICAN SOCIETY OF PENSION PROFESSIONALS & ACTUARIES**, <br><br> Defendant, <br><br> v. <br><br> **ANA LEIRNER**, <br><br> Movant. | Case No. 1:20-mc-00019 (TNM) |

**MEMORANDUM ORDER**

CFA Institute and the American Society of Pension Professionals & Actuaries are engaged in a civil suit in the Western District of Virginia. *See* No. 3:19-cv-12 (W.D.Va). Near the scheduled close of discovery, CFA Institute issued subpoenas to take depositions of third

parties James Apistolas and Ana Leirner. Apistolas and Leirner both moved to quash the subpoenas in this district, "where compliance [with the subpoenas] is required." Fed. R. Civ. P. 45(d)(3); *see* Mem. in Supp. of Mot. to Quash ("Apistolas' Mot."), No. 20-mc-18, ECF No. 1-1; Mem. in Supp. of Mot. to Quash ("Leirner's Mot."), No. 20-mc-19, ECF No. 1-1. For the reasons below, the Court finds that exceptional circumstances warrant a transfer of these motions to the issuing court in the Western District of Virginia.

I.

Apistolas and Leirner—who are represented by the same counsel—invoke nearly identical arguments to quash their respective subpoenas. *Compare* Apistolas' Mot. *with* Leirner's Mot. They argue first that they were given only six days' notice before their scheduled depositions, which they claim was not "allow a reasonable time to comply." Apistolas' Mot. at 7 (quoting Fed. R. Civ. P. 45(d)(3)); Leirner's Mot. at 8 (same);[1] *see* Apistolas' Mot. at 5–6; Leirner's Mot. at 6–7.[2] More, Apistolas and Leirner argue that the subpoenas cannot be modified because the discovery period closed on the date they were scheduled to be deposed. Apistolas' Mot. at 8; Leirner's Mot. at 9. Second, Apistolas and Leirner argue that CFA Institute failed to exercise appropriate diligence when it waited until near the close of discovery to issue their subpoenas. Apistolas' Mot. at 8; Leirner's Mot. at 9–10. Finally, Apistolas and Leirner argue that compliance with their subpoenas will impose an undue burden. Apistolas' Mot. at 8–10; Leirner's Mot. at 10–12.

Likewise, CFA Institute's responses to the two motions are functionally the same. *See* Pl.'s Opp'n to Mot. to Quash ("Opp'n to Apistolas' Mot."), No. 20-mc-18, ECF No. 7; Pl.'s

---

[1] All page citations refer to the Court's CM/ECF pagination.

[2] Leirner also argues as a separate basis to quash that CFA Institute failed to offer her reimbursement for mileage. Leirner's Mot. at 8–9.

Opp'n to Mot. to Quash ("Opp'n to Leirner's Mot."), No. 20-mc-19, ECF No. 5. CFA Institute argues that the Court should deny the motions as untimely and compel Apistolas and Leirner to testify. *See generally* Opp'n to Apistolas' Mot.; Opp'n to Leirner's Mot. If nothing else, CFA Institute asks the Court to fashion an appropriate modification "to reschedule the deposition[s] to a mutually agreeable time and place rather than quash the subpoena[s] outright." Opp'n to Apistolas' Mot. at 20; Opp'n to Leirner's Mot. at 19.

After receiving Apistolas' and Leirner's replies, *see* Reply ("Apistolas' Reply"), No. 20-mc-18, ECF No. 9; Reply ("Leirner's Reply"), No. 20-mc-19, ECF No. 8, the Court's initial impression of the parties' arguments led the Court to believe that the issuing court in the Western District of Virginia would be better suited to decide the motions. The Court directed Apistolas, Leirner, and CFA Institute to file their positions about a transfer to the issuing court in accordance with Federal Rule of Civil Procedure 45(f). Minute Order (4/2/2020), No. 20-mc-18; Minute Order (4/2/2020), No. 20-mc-19. CFA Institute supports a transfer. Pl.'s Transfer Br. (Apistolas), No. 20-mc-18, ECF No. 10; Pl.'s Transfer Br. (Leirner), No. 20-mc-19, ECF No. 9. Apistolas and Leirner oppose. Apisolas' Transfer Br., No. 20-mc-18, ECF No. 11; Leirner's Transfer Br., No. 20-mc-18, ECF No. 10. But after considering Apistolas' and Leirner's objections, the Court finds that the facts of this case present an exceptional circumstance that justifies a transfer to the issuing court in the the Western District of Virginia.

## II.

Federal Rule of Civil Procedure 45(f) states that "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Advisory Committee Note counsels that the Court's "prime concern should be avoiding

burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45(f) advisory committee's note.

But there are also countervailing reasons for ordering a transfer, "in order to avoid disrupting the issuing court's management of the underlying litigation . . . if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*; *see Flynn v. FCA US*, 216 F. Supp. 3d 44, 46 (D.D.C. 2016). Courts in this Circuit "have considered the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation," as well as "the goals of judicial economy and the avoidance of inconsistent results." *Flynn*, 216 F. Supp. 3d at 46 (quotations and citations omitted).

## III.

Exceptional circumstances exist here. First, Apistolas and Leirner have couched a large part of their motion on CFA Institute's untimely subpoenas, which they claim cannot be modified to fit within the issuing court's now-expired discovery schedule. Apistolas' Mot. at 8; Leirner's Mot. at 9–10. The fact that the discovery period has now closed makes this is a question better left to the issuing court, "in order to avoid disrupting [its] management of the underlying litigation[.]" Fed. R. Civ. P. 45(f) advisory committee's note. And as CFA Institute has suggested, the issuing court, "versed as it is in the nuances of the underlying trademark infringement action and the discovery already produced" in the case, is better positioned to assess whether the value to be gained from Apistolas and Leirner justifies a discovery modification. *See* Pl.s' Transfer Br. (Apistolas) at 2; Pl.'s Transfer Br. (Leirner) at 2.

Second, resolution of this dispute in the Western District of Virginia will impose an insignificant burden on Apistolas and Leirner, who are represented by the same Washington, D.C. law firm that has been representing the Defendants in the underlying case. *See* Docket, *CFA Institute*, No. 3:19-cv-12 (W.D.Va). And even if they were not, litigating this issue in nearby Charlottesville would not unduly burden Apistolas and Leirner. *Cf. Flynn*, 216 F. Supp. 3d at 48 ("no undue burden would be imposed upon [movant] if its motion were transferred to the Southern District of Illinois"). Weighed against this small burden, the exceptional circumstances of this case support a transfer. *See* Fed. R. Civ. P. 45(f) advisory committee's note.

## IV.

For the foregoing reasons, it is hereby

**ORDERED** that the pending Motions to Quash shall be TRANSFERRED to the issuing court in the Western District of Virginia.

**SO ORDERED**.

Dated: April 7, 2020

TREVOR N. McFADDEN
United States District Judge